IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARMEN NAOMI WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-cv-2449-CM-TJJ |
| | ) |
| MYLAN PHARMACEUTICALS INC., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Mylan Defendants' Motion to Stay Discovery Pending Resolution of Motion to Dismiss (ECF No. 22). Defendants Mylan Pharmaceuticals Inc. and Mylan Inc. ("Mylan") request an order staying discovery until their Motion to Dismiss (ECF No. 9) is resolved. Plaintiff Carmen Naomi Watson opposes the relief requested. For the reasons set forth below, the Court concludes that the Motion to Stay Discovery should be granted in part and denied in part.

### I.      Nature of the Matter Before the Court

Plaintiff brings this lawsuit pro se against Defendants seeking damages for injuries she allegedly sustained from using Amnesteem, a generic form of Accutane. Plaintiff asserts that Defendants manufactured and distributed Amnesteem but failed to adequately warn users of the potential adverse effects associated with it. Plaintiff alleges she suffers from ongoing physical and mental injuries as a result of ingesting Amnesteem.

Defendants responded to Plaintiff's complaint with a Motion to Dismiss (ECF No. 9), which Plaintiff opposes. During the September 29, 2016 Scheduling Conference, defense

counsel orally moved for a stay of discovery while the motion to dismiss is pending before District Judge Murguia. The undersigned Magistrate Judge directed defense counsel to file a written motion so that Plaintiff could consider and respond to the motion.

The motion to dismiss is fully briefed and ready for ruling.[1] In the instant motion, Defendants assert all discovery should be stayed pending Judge Murguia's ruling on the motion to dismiss because Plaintiff's claims are preempted by Supreme Court rulings in *PLIVA, Inc. v. Mensing*, 564 U.S. 604 (2011), and *Mutual Pharmaceuticals Co., Inc. v. Bartlett*, 133 S. Ct. 2466 (2013).

## II.     Legal Standard for Motion to Stay Discovery

The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[2] The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[3] Therefore, as a general rule, the District of Kansas does not favor staying pretrial proceedings even though dispositive motions are pending.[4] A stay is not favored because it can delay a timely resolution

---

[1] *See* Pl.'s Resp. in Opp'n (ECF No. 14); Defs.' Reply Mem. In Supp. (ECF No. 17).

[2] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. U.S.*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007).

[3] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

[4] *McCoy*, 2007 WL 2071770, at *2; *Wolf v. U.S.*, 157 F.R.D. 494, 495 (D. Kan. 1994).

of the matter.[5]

> Although, upon a showing of good cause, the court may . . . stay or limit the scope of discovery to protect a party from annoyance, embarrassment, oppression or undue burden or expense, bare assertions that discovery will be unduly burdensome or that it should be stayed because pending dispositive motions will probably be sustained, are insufficient to justify the entry of an order staying discovery generally.[6]

However, a stay pending a ruling on a dispositive motion is appropriate where the case is *likely* to be finally concluded as a result of the ruling, where the facts sought through the remaining discovery would not affect the ruling on the pending motion, or where discovery on all issues in the case would be wasteful and burdensome.[7]  A party seeking a stay of discovery has the burden to clearly show a compelling reason for the court to issue a stay.[8]

### III.    Application of the Standard to this Case

Defendants argue that Plaintiff's state law claims of strict liability, negligence, violation of Kansas consumer protection statutes, and claims under the Kansas Product Liability Act are preempted.  Under Defendants' theory, all of the state law causes of action asserted in Plaintiff's complaint are based on Defendants' alleged failure to adequately warn of the potential adverse

---

[5] *Wolf v. United States*, 157 F.R.D 494, 495 (D. Kan. 1994).

[6] *Evello Invs. N.V. v. Printed Media Servs., Inc.,* No. 94-2254-EEO, 1995 WL 135613, at *3 (D. Kan. Mar. 28, 1995) (quoting *Continental Ill. Nat'l Bank & Trust Co. v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990)).

[7] *Randle v. Hopson*, No. 12-CV-2497-KHV-DJW, 2013 WL 120145, at *1 (D. Kan. Jan. 9, 2013) (citing *Wolf*, 157 F.R.D. at 495).

[8] *Evello Invs. N.V.*, 1995 WL 135613, at *3.

effects associated with a generic pharmaceutical product.  Such claims, Defendants assert, are barred by the Supreme Court rulings in *PLIVA* and *Mutual Pharmaceuticals*.

Plaintiff opposes the motion and disputes that her claims are preempted, arguing the causes of action she asserts are not merely for failure to warn.  Instead, Plaintiff's response indicates her complaint is also intended to allege that—with respect to the actual Amnesteen package she received—Defendants dispensed a product with out-of-date warnings that did not comply with the Food and Drug Administration ("FDA")-approved and -mandated language for generic products.[9]  In other words, Plaintiff challenges Defendants' factual assertion that the warnings on their packaging complied with FDA requirements.  Defendants' preemption argument assumes that the Amnesteen package(s) Plaintiff received contained FDA-compliant warnings.

Although Defendants' motion to dismiss will be ruled by District Judge Murguia and not by the undersigned Magistrate Judge, in applying the standard to the particulars of this case the Court must consider the likelihood that Defendants' motion to dismiss will be granted.  In addition, the Court is to liberally construe pro se Plaintiff's complaint, which means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of

---

[9] Defendants' preemption theory rests on the regulatory requirement that the warning labels of a generic drug must mirror the label of the brand-name drug and they must always be the same, *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567, 2574-75 (2011), and that the ongoing "duty of sameness" prohibits generic drug manufacturers from independently changing their labels or altering the chemical composition of the drug because doing so would violate federal law. *Id.* at 2574-76.

various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements."[10] In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief.[11]

Taking all of this into account, including especially Plaintiff's allegation that the Amnesteen package she received did not contain updated FDA-compliant warnings, the Court finds that Defendants have not met their burden to clearly show a compelling reason to stay all discovery. Defendants argue only one of the three factors which would support a stay, and the Court does not find it likely that the case will be decided as a result of Judge Murguia's ruling on the motion to dismiss.[12] In addition, given Plaintiff's allegation that the Amnesteen warning varied from what Defendants contend it contained, a limited amount of discovery could affect the ruling on the motion to dismiss and would not be wasteful and burdensome.

Accordingly, the Court grants in part and denies in part Mylan Defendants' Motion to Stay Discovery Pending Resolution of Motion to Dismiss (ECF No. 22). Recognizing the expense and complexity that discovery in this case could involve, at this point the Court will

---

[10] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[12] In those instances in which a stay is appropriate, at least one of the following three factors is present: (1) the case is *likely* to be finally concluded as a result of the ruling, (2) the facts sought through the remaining discovery would not affect the ruling on the pending motion, or (3) discovery on all issues in the case would be wasteful and burdensome. *Randle*, 2013 WL 120145, at *1. Defendants mention the third factor but make no argument with respect to it.

limit discovery to the issue of whether the package inserts, labels, and other writings that accompanied the Amnesteen product Plaintiff received match the document attached as Exhibit 1 to Defendants' Motion to Dismiss (ECF No. 10-1) and were otherwise current (as of the date Plaintiff received the product) and consistent with the FDA-approved and -mandated package inserts, labels, and other writings.

Because the Court deferred issuing a Scheduling Order following the September 29, 2016 Scheduling Conference to allow Defendants to file the instant motion, no deadlines are in place. Accordingly, the Court sets the following deadlines. By **November 16, 2016**, the parties, in person and/or through counsel, must confer for the purpose of arriving at a proposed discovery plan for the discovery permitted by this order. No later than **November 30, 2016**, Defendants' counsel shall submit to the undersigned Magistrate Judge a report of the parties' meeting and agreed-upon discovery plan. The Court will hold a telephone Status Conference on **December 7, 2016, at 1:30 p.m.** to discuss the parameters and deadlines for the permitted discovery.

**IT IS SO ORDERED.**

Dated this 31st day of October, 2016 at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
U.S. Magistrate Judge