IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARMEN NAOMI WATSON,

    Plaintiff,

    v.

MYLAN PHARMACEUTICALS, INC.,

    Defendants.

Case No. 16-2449

**MEMORANDUM & ORDER**

Plaintiff Carmen Naomi Watson filed this case on July 21, 2016, bringing various consumer protection and product liability claims against defendant Mylan Pharmaceuticals, Inc., relating to side effects that plaintiff alleged she suffered after taking Amnesteem, a generic form of Accutane. On November 30, 2016, the court entered its Memorandum and Order granting defendant's Motion to Dismiss For Failure to State a Claim (Doc. 28). On December 2, 2016, plaintiff filed a Motion for New Trial (Doc. 34) and on December 7, 2016, she filed a Motion to Recuse (Doc. 35). Both motions seem to be filed as a result of the court's decision to dismiss plaintiff's claims. Defendant opposes the motions.

Where a plaintiff proceeds pro se, the court construes her filings liberally and holds them to less stringent standards than pleadings filed by lawyers. *Barnett v. Corr. Corp of Am.*, 441 F. App'x 600, 601 (10th Cir. 2011). Pro se plaintiffs are nevertheless required to follow the Federal and Local Rules of practice and the court does not assume the role of advocating for plaintiff. *United States v. Porath*, 553 F. App'x 802, 803 (10th Cir. 2014).

    **I.**    **Motion For New Trial**

Because there was no trial in this case, the court construes plaintiff's motion for new trial as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) or for relief from judgment under Fed. R. Civ. P. 60(b).  A motion to alter or amend judgment pursuant to Rule 59(e) may only be granted if plaintiff shows "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; [or] (3) the need to correct clear error or prevent manifest injustice."  *Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012).  Plaintiff's motion discusses the magistrate judge's order on defendant's motion to stay discovery.  Plaintiff suggests that the undersigned "unreasonably stepped in to dismiss the plaintiff's claim" because the magistrate judge allowed discovery to go forward on the specific "issue of whether the package inserts, labels, and other writings that accompanied the Amnesteen [sic] product  Plaintiff received" contained updated FDA-compliant warnings.  (Doc. 27.)  This is not the case.  Allowing discovery to go forward did not stay this court from deciding the pending motion to dismiss.  As explained in the court's order granting dismissal, the court considered the sufficiency of the pleadings and found that the complaint did not state a claim for relief under Fed. R. Civ. P. 12(b)(6).

Rule 60(b) allows the court "on motion and just terms" to "relieve a party or its legal representative from a final judgment, order, or proceeding . . ."  "Relief under Rule 60(b) is extraordinary and limited to certain exceptional circumstances."  *Harvey v. Yellow Freight Sys., Inc.*, 936 F. Supp. 790, 792 (D. Kan. 1996) (quoting *Nutter v. Wefald*, 885 F. Supp. 1445, 1449 (D. Kan. 1995)).  The court has substantial discretion to decide a Rule 60(b) motion, *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990); but the Rule specifically enumerates the following bases:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

> (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) is not a substitute for a direct appeal and should not be used to address issues on which the judgment was entered. *Nutter*, 885 F. Supp. at 1450. It is not an appropriate time for the court to consider facts and arguments that were addressed or available in the underlying proceedings. *Id.* Plaintiff does not set forth any additional grounds or argument justifying reconsideration or amendment of the court's order dismissing this case under either Rule 59(e) or 60(b). Her motion for new trial is therefore denied.

## II.     Motion to Recuse

Plaintiff seeks to disqualify the undersigned for bias. When the court receives a motion to recuse and a sufficient affidavit alleging that the judge has a personal bias or prejudice, the court must not proceed until the motion is resolved. *Dees v. Bright*, No. 91-2240-JWL, 1992 WL 223838, at * 1 (D. Kan. Aug. 20, 1992). But the resolution of the motion is left to the sound discretion of the court. *Id.* (citing *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992)). "Affidavits filed in support of a recusal motion are strictly construed, and there is a substantial burden on the movant to show that the judge is not impartial." *Id.* "There is as much an obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (citing *Brody v. President & Fellows of Harvard Coll.*, 664 F.2d 10, 12 (1st Cir. 1981)). "A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Id.* (citing *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986)). An affidavit in support of a motion for recusal is "insufficient if it merely states conclusions, rumors, beliefs and opinions...." *Dees*, 1992 WL 223838 at *1.

Plaintiff's motion and affidavit consist entirely of unsupported beliefs or opinoins. Plaintiff's motion cites Kansas Statues and "wishes with all respect the recuse [sic] of Judge Carlos Murguia, also dismissal of any ruling or judgments ordered by said judge as they more than so where [sic] bias." (Doc. 35 at 2.) The motion is conclusory and does not provide any adequate basis for recusal. Plaintiff's affidavit, filed nine days later, appears to be identical to her motion for new trial, and states that "plaintiff is in belief the judgement [sic] order to dismiss came of prejudice or partial [sic] out of biasiam [sic] given the opposing party was given prior knowledge not to file the agreed discovery plan ordered in (doc. 27) as the awareness of the judges [sic] order granting dismissal in thier [sic] favor." (Doc. 34 at 2.) The court believes plaintiff is referring to the magistrate judge's order regarding a stay of discovery in this case. That order was decided by Magistrate Judge James and allowed some discovery to go forward in this case despite the pending motion to dismiss. Perhaps plaintiff believes that the brief delay in discovery in this case prejudiced her claims' chance of survival on the motion to dismiss. This is not the case. The motion to stay had no bearing on the court's decision dismissing this case.

Plaintiff also states that "[t]he opposing party also had a long standing relationship with the representatives on the opposing party creating unfairness and judicial misconduct." (Doc. 34 at 2.) This statement is conclusory, speculative, and unsupported. Plaintiff has provided no evidence of bias or partiality. Her motion to recuse is denied.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for New Trial (Doc. 34) is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Recuse (Doc. 35) is denied.

Dated January 13, 2017, at Kansas City, Kansas.

                                      s/ Carlos Murguia
                                      **CARLOS MURGUIA**
                                      **United States District Judge**